IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WALLACE M. SEARCY,<br><br>    Plaintiff<br><br> VS.<br><br>TYDUS MEADOWS, *et al.*,<br><br>    Defendants | NO. 5:03-CV-272(DF)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff WALLACE SEARCY has filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983.  He has sued the defendants alleging that they violated his constitutional rights by confiscating and later destroying his religious materials.  Before the court is the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #51) which is supported by a brief and numerous affidavits, as well as the deposition of plaintiff SEARCY (Tab #53).  This court notified the plaintiff of his right to respond to the defendants' Motion (Tab #54), but he has failed to do so.

LEGAL STANDARDS

**Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary

judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

### DISCUSSION

Plaintiff SEARCY has failed to respond to defendants' motion for summary judgment despite specific direction from the court to do so. Accordingly, based upon the <u>unrefuted</u> evidence presented to the court on behalf of the defendants, the undersigned finds the facts as set forth by them in **DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS NOT IN DISPUTE** (Tab #51, Attachment #1) and further finds that there is no genuine dispute on any issues raised by plaintiff SEARCY. No deprivation of plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

Despite the failure of plaintiff SEARCY to respond to defendants' motion and the court's order directing him to do so, this court must consider all matters before it in determining whether there is a legal and factual basis for granting summary judgment. In considering all matters before the court, the undersigned makes the following findings:

Plaintiff SEARCY alleges that his religious materials were wrongfully confiscated from him and destroyed. After reviewing the briefs and affidavits supplied by the defendants, which are unopposed by the plaintiff, the undersigned finds that the prison's procedure for dealing with inmates' personal property is in accordance with the test for constitutionality set forth in *Turner v. Safley*, 472 U.S. 78 (1987): Institutional safety is a legitimate interest which is achieved by limiting the amount of personal property each inmate may have in his possession. In the case at bar, prison authorities did not bar the plaintiff from keeping his religious materials specifically, but rather barred him from keeping anything at all that would not fit in his personal storage space. Furthermore, the prison allowed plaintiff to participate in religious services, provided the him with religious materials at the prison library, and gave him access to a chaplain who was available for religious counseling. Plaintiff's materials were destroyed because he did not avail himself of the option of having them picked up by others or shipped from the prison.

Accordingly, IT IS RECOMMENDED that the defendant's MOTION FOR SUMMARY JUDGMENT (Tab #51) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 11th day of MAY, 2006.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE